UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEIDI STANLEY and RON STANLEY,<br><br>            Plaintiffs,<br><br>      v.<br><br>STERLING FINANCIAL CORP., a Washington Corporation; STERLING SAVINGS BANK, a Washington Corporation; SANDLER O'NEILL + PARTNERS, L.P., Delaware Limited Partnership,<br><br>            Defendants. | No. CV-12-0357-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND FOR TERMS** |

    On July 19, 2012, a hearing occurred in the above-captioned matter. Plaintiffs Heidi and Ron Stanley were represented by Nicholas Kovarik. Gregory Hollon appeared for Defendants Sterling Financial Corp. ("Sterling Financial") and Sterling Savings Bank ("Sterling Savings") (collectively, "Sterling").[1] Before the Court is Plaintiffs' Motion to Remand and for Terms. ECF No. 7. After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. This Order supplements and memorializes the Court's oral ruling granting the request to remand this lawsuit to state court

---

[1] Counsel did not appear for Sandler O'Neill & Partners, L.P. ("Sandler").

ORDER - 1

and denying fees and costs to Plaintiffs.

**A.  Background**

Mrs. Stanley worked for Sterling since 1985. After twenty-three years with Sterling, Mrs. Stanley became Sterling's Chief Executive Officer (CEO), executing an employment contract in which the parties agreed that if Mrs. Stanley was terminated without cause she would receive severance pay. Mere months later, however, Sterling requested that Mrs. Stanley sign an amendment revoking the severance-pay provision because Sterling understood that it was unable to provide such severance-pay benefits if it was to receive "bailout" funds from Congress. Mrs. Stanley signed the amendment.

In May 2009, Mrs. Stanley was diagnosed with breast cancer. Within a month, she underwent breast surgery and a hysterectomy. She then also received daily radiation therapy until mid-September 2009, while she continued to work full time. In September 2009, Sterling informed Mrs. Stanley that she would not participate in the capital-raising "road show." And near the end of September 2009, she learned that Sterling was forcing her to step down as CEO but she was hopeful she would continue to be employed by Sterling in some capacity. Approximately two weeks later, Sterling fired Mrs. Stanley.

Believing that she was wrongfully terminated because of her gender and medical condition, Mrs. Stanley retained counsel. On March 30, 2012, her counsel sent a pre-litigation letter proposing settlement to Sterling's counsel. ECF No. 12 Ex. A. This letter details Mrs. Stanley's financial demand for each of her claimed damages: back pay

ORDER - 2

($1,625,000), front pay ($4,550,000), lost benefits ($30,482), lost retirement ($480,000), loss of consortium ($100,000), emotional distress ($1,000,000), and attorney fees and costs ($38,500). Attached to the letter was a copy of the complaint that would be filed by the Stanleys in state court if a settlement was not achieved by noon on April 20, 2012. *Id*. Sterling did not accept the settlement offer, but instead filed a declaratory judgment action on April 19, 2012, E.D. Wash. CV-12-214-EFS, which asks the Court to find that Troubled Asset Relief Program (TARP) laws prevented Sterling from providing Mrs. Stanley with any severance payment or benefit.

On April 20, 2012, Mrs. Stanley and her husband filed their anticipated complaint in state court alleging discrimination under RCW 49.60 et seq. and loss of consortium. On May 18, 2012, Sterling removed the lawsuit to federal court. ECF No. 1. The Stanleys ask the Court to remand this lawsuit back to state court.

**B. Authority and Analysis**

The Stanleys ask the Court to remand this lawsuit to Spokane County Superior Court because they assert only state-law claims. Sterling and Sandler oppose the motion, contending that federal jurisdiction exists because the Stanleys' claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and are compulsory counterclaims that must be asserted in federal court.

A defendant may remove "[a]ny civil action brought in a state court" which could have been brought in federal district court. 28 U.S.C. § 1441. Accordingly, in order to be removable, the civil action

ORDER - 3

must present federal question jurisdiction under 28 U.S.C. § 1331 or diversity-of-citizenship jurisdiction under § 1332.

The parties agree that diversity-of-citizenship is not present. Therefore, the sole question is whether the Stanleys' state-court action satisfies § 1331 federal-question jurisdiction.

Section 1331 states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute is generally invoked by a plaintiff asserting a cause of action under a federal statute. However, a claim also "aris[es] under" federal law if it is a state-law claim that "implicate[s] significant federal issues." *Graber & Sons Metal Prods., Inc. v. Darue Eng'g & Mftg.*, 545 U.S. 309, 312 (9th Cir. 2005). This doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

Defendants maintain that federal-question jurisdiction exists because the Stanleys' claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*, given that Mrs. Stanley seeks benefits under an ERISA-governed plan. The Court disagrees.

First, the Stanleys are not asserting claims preempted by ERISA. The Stanleys' state-law discrimination, state-law loss of consortium, and state-law tortious interference with contractual relationships and business expectancies claims are not preempted by ERISA. *See Lane v.*

ORDER - 4

*Goren*, 743 F.2d 1337, 1340 (9th Cir. 1984) (determining that state laws prohibiting employment discrimination are not preempted by ERISA).

Second, to prove these state-law claims, the Stanleys need not establish a violation of federal law. *C.f. Graber & Sons Metal Prods., Inc.*, 545 U.S. at 315 ("[W]hether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case."). Defendants contend that, because TARP prevented them from awarding Mrs. Stanley retirement/severance benefits, the determination of her damages involves a question of federal law. However, this federal issue only arises as a result of Defendants' defense that any retirement/severance benefits requested by Mrs. Stanley are preempted by ERISA: and a defendant may not create a federal question through a defense. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) ("[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

Further, Plaintiffs maintain that Mrs. Stanley is not seeking retirement/severance benefits from Sterling. And she need not seek such benefits in order to prevail under the asserted claims. Accordingly, the Court finds the Amended Complaint's claims do not "turn on

ORDER - 5

substantial questions of federal law" and do not "aris[e] under" federal law. As a master of their claims, the Stanleys are permitted to bring state law claims in state court. *See Hunter v. United Van Lines,* 746 F.2d 635, 639 (9th Cir. 1984). Accordingly, the Court finds federal-question jurisdiction is not present.

Defendants also argue that remand will undermine Federal Rule of Civil Procedure 1's guideline that civil actions receive a "just, speedy, and inexpensive determination" because the Stanleys' claims are compulsory counterclaims to those claims asserted by Sterling in its first-filed federal declaratory-judgment lawsuit.

In regard to compulsory counterclaims, Federal Rule of Civil Procedure 13(a)(1) states:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). The Court finds the Stanleys' claims do not "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim" because they are not seeking recovery of severance/retirement benefits against Sterling.

Accordingly, the Court remands this lawsuit to state court. The Court denies the Stanleys' request for attorneys fees under 28 U.S.C. § 1447(c) given the unusual circumstances and issues involved in this lawsuit and the related declaratory-judgment lawsuit.

///

ORDER - 6

**C.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Remand and for Terms, **ECF No. 7**, is **GRANTED IN PART** (remand) **and DENIED IN PART** (fees and costs).

2. All pending hearings and deadlines are **STRICKEN.**

3. This lawsuit is **REMANDED** to Spokane County Superior Court, Case No. 12201538-9.

4. This file shall be **CLOSED.**

**IT IS SO ORDERED.**   The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and the Spokane County Superior Court.

**DATED** this   19th   day of July 2012.

                            s/Edward F. Shea
                            EDWARD F. SHEA
                 Senior United States District Judge

Q:\Civil\2012\0357.remand.lc1.frm

ORDER - 7